```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

VEOLA S. NELSON                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 5:06-cv-124(DCB)(JMR)

AMERUS LIFE INSURANCE
COMPANY, INC., DAVID
M. COMPTON, and DAVID
M. COMPTON, INC.                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants David M. Compton and David M. Compton, Inc.'s motion to dismiss **(docket entry 8)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised as to the premises, the Court finds as follows:

This action was commenced by the filing of the complaint on September 6, 2006. Summonses for the three defendants were issued on September 7, 2006. A waiver of service of summons was signed on behalf of Amerus Life Insurance Company, Inc. ("Amerus"), on September 29, 2006, and entered on October 12, 2006. Amerus answered the complaint on November 28, 2006. David M. Compton and David M. Compton, Inc. (collectively "the Compton defendants") were not served within 120 days as provided in Fed.R.Civ.P. 4(m), nor was an extension of time to serve process sought by the plaintiff. The Compton defendants were eventually served on February 23, 2007, and they moved to dismiss the action as to them on March 15, 2007, for insufficiency of process.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Fifth Circuit Court of Appeals has noted that "good cause" requires "<u>at</u> <u>least</u> as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement <u>and</u> some reasonable basis for noncompliance within the time specified' is normally required." <u>Winters v. Teledyne Movible Offshore, Inc.</u>, 776 F.2d 1304 (5th Cir. 1985)(quoting 10 Wright & Miller <u>Federal Practice and Procedure: Civil</u> § 1165 at 622)(emphasis and added emphasis in original). Courts generally require "that a plaintiff demonstrate that, despite diligent attempts to effectuate service within the allotted time period, service could not be made due to exceptional circumstances beyond his control." <u>Naglieri v. Valley Stream Central High School District</u>, 2006 WL 1582144 *2 (E.D. N.Y. May 26, 2006)(citations omitted). The plaintiff carries the burden of proving good cause for his failure to effect timely service.

2

Gitz v. St. Tammany Parish Hospital, 125 F.R.D. 138, 138 (E.D. La. 1989).

In response to the defendants' motion, the plaintiff's attorney states that he personally attempted to serve Compton at his residence on Dummyline Road in Tickfaw, Louisiana, on November 30, 2006, but that no one was at home. Affidavit of Brad Pigott, ¶ 3. After that, he "proceeded to engage a professional process service in order to achieve personal service on Mr. Compton." Affidavit of Brad Pigott, ¶ 3. The plaintiff's first attempt at service was made almost three months after suit was filed. It was not until December 21, 2006, that the plaintiff's attorney contacted the process server and mailed her the summonses and complaint. Affidavit of Brigitte Mentz, ¶ 3. The process server attempted service on January 4, 2007, the day before the 120-day period expired. Affidavit of Brigitte Mentz, ¶ 4. Again, the defendant was simply not at home. Affidavit of Brigitte Mentz, ¶ 4.

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" LePone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)(quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Here, the plaintiff's failure to timely serve the Compton defendants was not the fault of some outside factor, such as faulty advice; rather, the reason for the failure

was the plaintiff's own negligence. See id. at 1282. She has not presented sufficient evidence of either her diligence or exceptional circumstances beyond her control. She had ample time and opportunity to achieve service, but never made sufficient effort during the 120-day period. Accordingly, good cause is lacking.

The plaintiff argues that she made numerous attempts to effect service after the 120-day period expired; however, it is only the plaintiff's efforts during the first 120 days that are relevant to the good cause inquiry. The fact that the Compton defendants have now been served does not mean the Court should deny the motion to dismiss. Nays v. Slater, 51 Fed.Appx. 928, 2002 WL 3145100 *2 (5th Cir. Oct. 8, 2002). Rule 4(m) "applies equally to defendants who were never served and defendants who were served after the 120-day period had lapsed." Geiger v. Allen, 850 F.2d 330, 332 (7th Cir. 1988)(noting that to read the Rule otherwise would make the 120-day deadline illusory).

The plaintiff's negligence also compels denial of a discretionary extension. Courts are authorized to waive the time limit even where good cause is not shown. Fed.R.Civ.P. 4(m) advisory committee's note; Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). However, the plaintiff never filed a motion asking for an extension of the deadline to serve the Compton defendants, before or after the deadline had passed. She alleges difficulty in

serving the Compton defendants after the 120-day period had expired, which she attributes to evasion by Compton.  The Court does not find sufficient evidence of evasion; furthermore, these attempts at service were made after, not before, expiration of the 120-day period.  The plaintiff has offered no explanation as to why more attempts to effect service were not made within the time limit, nor any explanation as to why she failed to request additional time from this Court to consummate service.  This is not a proper case for this Court to exercise its discretionary power. See Thompson, 91 F.3d at 22 (once the district court satisfies itself that good cause did not exist, the court is under no obligation to exercise its discretion to waive the time limit, and dismissal is proper).  Accordingly,

IT IS HEREBY ORDERED that the defendants David M. Compton and David M. Compton, Inc.'s motion to dismiss **(docket entry 8)** is GRANTED, and all claims against David M. Compton and David M. Compton, Inc., are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the   21ST   day of May, 2007.

                                          s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE